U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2005 NOV 30  AM 11: 10
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KANSAS CITY SOUTHERN RAILWAY COMPANY | CIVIL ACTION |
| VERSUS | NO. 05-1182 |
| NICHOLS CONSTRUCTION COMPAY, L.L.C., ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion for a stay of this proceeding filed by Turner Industries Group, L.L.C. ("Turner") and Kenneth Bourg ("Bourg"). Having considered the record, the memoranda of counsel and the law, the Court has determined that a stay is inappropriate for the following reasons.

An accident involving a train and a truck/trailer has given rise to two lawsuits. This litigation was filed first by Kansas City Southern Railway Company ("Kansas City Southern") representing the train interest. Subsequently, Turner and the insurer of a crane on the trailer, representing the truck and trailer interests, filed suit in state court. Turner and Bourg, the driver of the truck and defendants in the federal suit, move for a stay of the federal action based on the argument that all potential parties are involved in the state suit only, and that a stay of the federal suit lends itself to wise judicial administration for purposes of the analysis under *Colorado River*

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

*Water Conservation District v. United States,* 424 U.S. 800 (1976). Kansas City Southern opposes the motion with heavy reliance on the maxim that *Colorado River* provides an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." See e.g. *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (2000), *quoting Colorado River*, 424 U.S. at 813.

Under *Colorado River,* a federal court may abstain from a case that is part of parallel, duplicative litigation only under "exceptional" circumstances. This determination turns on the consideration of six relevant factors: (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. The decision "does not rest on a mechanical checklist" of these factors, but rather "on a careful balancing of [them] as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital. v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

In this matter, the relevant considerations do not support abstention. The absence of a res weighs against abstention. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). The fora are substantially of equal convenience. The court in *Black Sea, 204 F.3d at 651,* held that where, as here, there is no res in dispute, there is no risk of piecemeal litigation for *Colorado River* purposes. The federal suit was filed first and there is no showing that either suit has progressed significantly. Application of state law does predominate the litigation and the state

proceedings can adequately protect the rights of all parties, but under *Black Sea*, 204 F.3d at 651, these factors alone were at best considered neutral. The extraordinary showing required for abstention under *Colorado River* has not been made.

Accordingly,

IT IS ORDERED that the motion for a stay of this proceeding filed by Turner Industries Group, L.L.C. and Kenneth Bourg is DENIED.

New Orleans, Louisiana, this 27 day of November, 2005.

                                              _____
                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE