UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KANSAS CITY SOUTHERN RAILWAY COMPANY     CIVIL ACTION

VERSUS     NO. 05-1182 & consol. cases

NICHOLS CONSTRUCTION COMPANY, L.L.C.,     SECTION "C"
ET AL

ORDER AND REASONS

      This matter comes before the Court on motion for summary judgment filed by St. Charles Parish Communications District ("Communications District"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

      The facts germane to the issues presented in this litigation have been previously set forth in the Court's grant of summary judgment in favor of Sheriff Greg Champagne and St. Charles Parish Sheriff's Office. (Rec. Doc. 260). See also *Kansas City Southern Railway Co. v. Nichols Construction Company, LLC., et al*, 2007 WL 2265518 (E.D.La.). In that ruling, the Court found as a matter of law that the employees of the relevant 911 Call Center were not at fault in their response to the 911 emergency call regarding the truck/trailer vehicle obstruction on the railroad track.

1

In its motion, the Communications District alleges that it is a taxing district which provides funding for the 911 Emergency Operations under La. Rev. Stat. § 33:9106.1, and owns the building and equipment used for 911 operations. It maintains that the St. Charles Sheriff Office staffs the day to day operations, however. It argues that it did not owe a relevant duty to relay the information of the obstruction to the railway company, that it acted reasonably and that it did not act willfully or wantonly for purposes of § 33:9108.[1]

The personal injury plaintiffs restate their arguments with regard to the Sheriff Office's motion for summary judgment. They do not address the function of the Communications District in their opposition.[2] Instead, they allege that the Call Center failed to properly notify Kansas City Southern Railway Company ("KCS") after the first

---

[1] Under La. Rev. Stat. § 33:9108B:
No district, sheriff, service provider, nor any wireless service supplier which meets the requirements of R.S. 33:9109(F)(1) and (2), nor their respective officers, directors, employees, or agents shall be liable to any person for civil damages resulting from, arising out of, or due to any act or omission in the development, design, installation, operation, maintenance, performance, or provision of 911 services, except when said damages are a result of willful or wanton misconduct or gross negligence on their respective part.

[2] The plaintiffs do not challenge the applicability of § 33:9108B to the Communications District.

911 call reporting the disabled truck/trailer and the collision with the KCS train approximately three minutes later. It is undisputed that the 911 center was not informed in the first 911 call as to which track was obstructed, that it contacted the Sheriff's Office and another railroad company and was able to ascertain the identity of the KCS train just prior to the collision approximately three minutes after the first call.

The Court previously found, in connection with the sheriff's motion for summary judgment, that even if the Call Center had been informed that the obstruction was on a KCS line, the accident would not have been prevented or diminished. It also found that the lack of any policy, procedure or training for Call Center employees is immaterial since, as a matter of law, there is no willful or wanton misconduct or gross negligence involved on the part of the responders. Those findings have equal applicability here.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by St. Charles Parish Communications District is GRANTED. (Rec. Doc. 328).

New Orleans, Louisiana, this 4th day of March, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE