UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KANSAS CITY SOUTHERN RAILWAY COMPANY     CIVIL ACTION

VERSUS                                                       NO. 05-1182 & consol. cases

NICHOLS CONSTRUCTION COMPANY, L.L.C.,     SECTION "C"
ET AL

ORDER AND REASONS

This matter comes before the Court on motion for reconsideration filed by Larry Selvage and John R. Scott ("FELA plaintiffs") and motion to join in motion for reconsideration filed by St. Charles Parish. Having considered the record, the memoranda of counsel and the law, the Court has determined that reconsideration in part is appropriate and its previous ruling should be vacated in part as follows.

In relevant part, both motions challenge a portion of the Court's August 27, 2008, dismissal of the FELA plaintiff's claims against Kansas City Southern Railway Company ("KCS"). (Rec. Doc. 427). Specifically, the movers challenge the propriety of dismissing a claim under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*

1

("FELA") that KCS failed to provide a safe crossing.[1] The Court dismissed that claim by finding both "that St. Charles Parish is the proper party against whom to claim liability for the condition of the Riverbend Boulevard railroad crossing at the time of the KCS accident" and that any work performed by KCS on that crossing in 1997 was barred under La. Rev. Stat. § 9:2772. (Rec. Doc. 427, p. 9). The Court's ruling is vacated in part for a number of reasons.

First, FELA plaintiffs claim regarding the crossing was not addressed in the original motion filed by KCS, which sought dismissal of "all claims" asserted by the FELA plaintiffs against it. (Rec. Doc. 439, p. 2). It was singled out as excepted by the FELA plaintiffs in their opposition. (Rec. Doc. 370). KCS appeared to acknowledge that the safe crossing claim was not subject to its motion in its response, while noting:

> The KCS Motion for Summary judgment seeks dismissal on claims asserted by plaintiffs related to additional locomotive safety devices such as padding, seatbelts or other materials. Nonetheless, KCS is entitled to the benefit of this Court's prior ruling regarding crossing design issues as set forth in the motion for Summary Judgment to Dismiss Affirmative Defenses. KCS submits that any FELA-based claims regarding the design of the crossing are perempted and should be dismissed.

(Rec. Doc. 388, p. 2, fn 1).[2] The subject "prior ruling" regarding the crossing granted

---

[1] In all other respects, the Court's previous ruling is not changed.

[2] The Court subsequently rejected KCS's attempt to dismiss any comparative fault claim by St. Charles Parish or Turner Industries, LLC ("Turner") by

summary judgment in favor of Prudential Insurance Company of America, Inc. and against KCS ("Prudential").  (Rec. Doc. 259).  The Court found Prudential had no liability to KCS as it pertained to the design and construction of the crossing by virtue a contract between Prudential and KCS's predecessor, along with the subsequent dedication of the property by Prudential to St. Charles Parish; that ruling was affirmed by the Fifth Circuit on appeal.  (Rec. Doc. 420).  The Court had also found that Prudential's liability with regard to the crossing was foreclosed by application of La. Rev. Stat. § 9:2772; the Fifth Circuit did not address the merits of that finding on appeal. (Rec. Docs. 260, p. 420, p. 4).

For present purposes, KCS's more recent motion sought summary judgment as to all FELA claims except those involving the crossing.  The Court did not appreciate any distinction between the crossing and the right of way at that time.  Quite simply, the issue whether the FELA plaintiffs were precluded from asserting a claim regarding their employer's failure to provide a safe crossing/right of way was neither raised in the motion nor briefed.  Related issues of the existence, nature and scope of the employer's duty to the FELA plaintiffs with regard to the crossing/right of way, the existence,

---

application of the §9:2772 bar to any work performed by KCS on the crossing in 1997. (Rec. Doc. 428, pp. 5-10).

nature and scope of St. Charles Parish's obligations vis-a-vis KCS under the Act of Dedication with regard to the crossing/right of way, and KCS's entitlement to the bar contained in §9:2772 for its 1997 construction were not briefed.

The Court finds that it improvidently granted summary judgment on the crossing/right of way claim and the attendant issues.  The issue of control of and responsibility for the condition of the crossing and/or right of way should not have been addressed in light of the limited scope of the motion, which was limited to some of the FELA claims by the FELA plaintiffs only.  The Court does not suggest in any way how it would rule on any of the related issues if they were properly presented and briefed. Those issues remain for trial.

The Court appreciates the opportunity to reconsider its ruling.

Accordingly,

IT IS ORDERED that the motion for reconsideration filed by Larry Selvage and John R. Scott is PARTIALLY GRANTED AND PARTIALLY DENIED and the motion to join in motion for reconsideration filed by St. Charles Parish is GRANTED.  (Rec. Docs. 439, 545).

IT IS FURTHER ORDERED that the motion for entry of judgment under Rule 54(b) filed by Kansas City Southern Railway Company is DENIED,  and the motion to

withdraw opposition filed by John R. Scott and Larry Selvage is DISMISSED AS MOOT. (Rec. Docs. 443, 505).

New Orleans, Louisiana, this 14th day of October, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE